Mulligan, J.
This matter is before the court on defendant Citicorp Mortgage, Inc.’s (“Citicorp”) motion for summary judgment, pursuant to Mass.R.Civ.P. 56.
Citicorp argues that summary judgment is appropriate in this matter because the record, including plaintiffs answers to interrogatories, the deposition of plaintiffs mother, plaintiffs experts, and documents produced during discovery fails to demonstrate that the plaintiff has any admissible evidence to establish the causal link between plaintiffs inj ury and plaintiffs exposure to lead during defendant’s ownership of the residence located at 53 Fort Street in Roxbury, Massachusetts (“the premises").
Plaintiff argues that a genuine issue of material fact exists as to whether plaintiffs exposure to lead on the premises during defendant Citicorp’s ownership caused plaintiffs injuries, and as such, summary judgment is not appropriate in this matter.
BACKGROUND
From August 22, 1990 through November 11, 1991 minor[3] plaintiff Adelaiker Garcia resided with his mother at 53 Fort Avenue, Roxbury, Massachusetts. On March 19, 1991 defendant Citicorp foreclosed on the mortgage of the prior owner, Daniel Miller, and became owner of the premises, a converted three-family house.
On March 5, 1991 plaintiff was tested for lead exposure at the Martha Eliot Health Clinic in Jamaica Plain, Massachusetts and was found to have a blood lead level reading of 19.[4]OnAugust21,1991 his blood was again tested for lead and revealed a lead level of 20. On November 18, 1991 he was tested for the third time and his lead level had dropped to 15. His fourth blood lead level reading, on April 14, 1992, showed a lead level of 18. His fifth blood lead level test, on May 13, 1992 showed a lead level reading of 14, as did his sixth test, in June 1992.
Plaintiff and defendant reached a stipulation, on December 29, 1993, entered as an order by Judge Murphy, that only the following expert witnesses would testify at trial: Dr. Cynthia Chase and Rosa Paunero for the plaintiff and Dr. Eileen Oulette for the defendant.
The deposition testimony of Dr. Chase, Ph.D., a Pediatric Neuropsychologist, reveals that the cause of plaintiffs injuries is beyond the scope of her expertise.[5] Ms. Paunero’s expertise is not offered on the issue of causation.
DISCUSSION
Under the summary judgment standard articulated in Kourouvacilis v. General Motors, Inc., 410 Mass. 706, 716 (1991), the Supreme Judicial Court has stated that when a moving party can demonstrate that the party bearing the burden of proof at trial cannot prove an essential element of its case, the court can enter summary judgment against the party failing to make a showing sufficient to establish every essential element of its case. Accord, Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); see also Celotex v. Catrett, 477 U.S. 317, 322-23 (1986).
“A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis, 410 Mass. at 711, citing Celotex, 477 U.S. at 322.
Notwithstanding the strict liability standard imposed on property owners by the lead paint statute, M.G.L.c. 111, §197 et seq., plaintiff has the burden of proving causation and must demonstrate that the lead, alleged to have been ingested by the plaintiff at the premises, was a substantial contributing cause of his injury. O’Connor v. Rymark Industries, Inc., 401 Mass. 586, 590-92 (1988) (jury must find that exposure to particular source of asbestos was a substantial factor in plaintiffs injury).
Based upon plaintiffs presentation in the opinions of experts Paunero and Chase, the court determines that plaintiff has not met the burden of producing some evidence on the issue of the causation of plaintiffs injuries during the period of Citicorp’s ownership of the premises.[6] The court notes, however, that the opinions of Drs. Michael B. Robbins, M.D. and Kaaren D. Bekken, Ph.D. have not been considered in making this determination, insofar as their testimony would be excluded per the stipulation entered into by the parties and ordered by Judge Murphy on December 29, 1993.
ORDER
Based upon the foregoing, this court ORDERS that defendant’s motion for summary judgment is ALLOWED.

 Adelaiker Garcia was born in the Dominican Republic on August 4, 1987.

 This reading appears to constitute an elevated blood lead level according to the record.

 Q: “Now, when someone is exposed to lead, do you have an understanding as to how long until it will appear in a blood test ?”
A: “My understanding — and again I’m not a physician, but my understanding would be that it would be in the course of a week or two weeks that you would find an elevated level."
Chase Deposition, p. 42, lines 21-24 and p. 43, lines 4-8.
Q: “And you cannot tell whether these are products of a single exposure prior to January 3, 1991 or the product of a continuous exposure over the period leading up to March 5 . . .”
A: “No, I can’t. It may be my lack of expertise in interpreting results on my part. You might better ask a physician."
Chase Deposition, p. 45, lines 14-21.

 Citicorp owned the premises from March 19, 1991 through November 15, 1991.